1
2
3
4
5

**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21473

6
7
8

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

| | |
|---|---|
| Corinne Wilkerson, individually and on behalf of all others similarly situated, | Case No.: No. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| Portfolio Recovery Associates, LLC, | |
| Defendant(s) | |

16
17
18
19

Plaintiff, Corinne Wilkerson, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against Defendant, Portfolio Recovery Associates, LLC, as follows:

20

**<u>INTRODUCTION</u>**

21
22
23
24
25
26

1.     This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (the

"RFDCPA"), and the California Fair Debt Buying Practices Act, Cal. Civ. Code § 1788.50, *et seq.* (the "CFDBPA")

## JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).    The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3.     This court has jurisdiction over Defendant Portfolio Recovery Associates, LLC because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5.     Plaintiff Corinne Wilkerson ("Plaintiff") is a natural person who, at all times relevant hereto, was a residing in Los Angeles County, State of California.

6.     Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7.     Plaintiff is a "person" as that term is defined by Cal. Civ. Code § 1788.2.(g).

8.    Defendant Portfolio Recovery Associates, LLC ("Defendant") is a company existing under the laws of the State of Delaware, with its principal place of business in Norfolk, Virginia.

9.    Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

10.    Defendant regularly collects or attempts to collect debts asserted to be owed to others.

11.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12.    The principal purpose of Defendant's businesses is the collection of such debts.

13.    Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

14.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15.    Defendant is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

16.    Defendant is a "debt buyer" as that term is defined by Cal. Civ. Code § 1788.50(a)(1).

17.     The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope

of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

18.     Defendant alleges Plaintiff owes a debt to Defendant (the "alleged Debt").

19.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

20.     The alleged Debt does not arise from any business enterprise of Plaintiff.

21.     The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22.     The alleged Debt is a "debt" as that term is defined by Cal. Civ. Code §§ 1788.2(d) and 1788.2(f).

23.     The alleged Debt is a "charged-off consumer debt" as that term is defined by Cal. Civ. Code § 1788.50(a)(2).

24.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

25.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

26.     In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

27.     Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

28.     As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor by electronic means.

29.     The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, among other things.

30.     In fact, Defendant conveyed it was a debt collector and attempting to collect a debt from Plaintiff.

31.     Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

32.     The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendant's direction.

33.     A letter, dated January 14, 2021, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "January 14 Letter") is annexed hereto as "**Exhibit 1**.").

34.     A letter, dated May 11, 2021, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "May 11 Letter") is annexed hereto as "**Exhibit 2**.").

35.     A letter, dated August 17, 2021, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "August 17 Letter") is annexed hereto as "**Exhibit 3**.").

36.     The January 14 Letter, May 11 Letter, and August 17 Letter are collectively referred to as the "Letters".

37.     The Letters, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

38. The FDCPA prohibits the sharing of information regarding a consumer *"without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy..."* See 15 U.S.C. § 1692c(b).

39. In the relevant part, Section 1692c(b) states, *"a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."* See 15 U.S.C. § 1692c(b).

40. The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

41. Plaintiff did not provide prior consent to the sharing of her information with third parties.

42. Plaintiff did not provide her prior consent to the sharing of her information with the third party letter vendor Defendant chose to convey information to regarding the Debt as part of its collection efforts.

43. Defendant's intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy,

which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time.

44.     The Letters demand a balance in the amount of $475.85.

45.     Plaintiff did not owe Defendant $475.85.

46.     In fact, the last statement from the original creditor indicates a lesser amount than $475.85.

47.     Pursuant to the Letters, the original creditor was Synchrony Bank.

48.      Synchrony Bank is incorporated in the State of Delaware.

49.     Delaware's statute of limitations for recovery of debt is 3 years. *See Delaware Code Ann. Title 10, § 8106(a).*

50.     Plaintiff's last payment towards the alleged Debt was on April 8, 2018.

51.     Under California law the alleged Debt was time barred from suit on or about May 8, 2021 based upon California's borrowing statute, Cal. Civ. Proc. Code § 361.

52.     Cal. Civ. Proc. Code § 361 states, *"When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of*

*one who has been a citizen of this State, and who has held the cause of action from the time it accrued."*

53.   The May 11 Letter and August 17 Letter failed to contain any disclosure informing the Plaintiff that the legal statute of limitations for Defendant to sue Plaintiff has expired and that Defendant will not sue Plaintiff in an attempt to collect the alleged Debt.

54.   In fact, Cal. Civ. Code § 1788.14(d) prohibits debt collectors from sending written communications to debtors in an attempt to collect a time-barred debt without providing notice that the debt is barred by the legal statute of limitations and the debt collector will not sue the debtor in an attempt to collect the debt.

55.   Specifically, Cal. Civ. Code § 1788.14(d)(1) requires the Defendant to inform Plaintiff, *"The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, [Defendant] may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting."*

56.   Additionally, Cal. Civ. Code § 1788.52(d)(2) prohibits debt buyers from sending written communications to debtors in an attempt to collect a time-barred debt without providing notice that the debt is barred by the legal statute

limitations and the debt buyer will not sue the debtor in an attempt to collect the debt.

57.    Specifically, Cal. Civ. Code § 1788.52(d)(2) requires the Defendant to inform Plaintiff, "*The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, [Defendant] may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.*"

58.    Defendant failed to provide the foregoing notices to Plaintiff in at least two (2) separate communications.

59.    Plaintiff had to spend time in order to retain counsel to investigate Defendant's conduct described herein.

60.    The foregoing conduct of Defendant violates the FDCPA, RFDCPA, and CFDBPA, entitling Plaintiff to statutory damages and actual damages, along with reasonable attorneys' fees.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692c(b) and § 1692f

61.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62.    15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the

collection of any debt," with anyone other than the consumer "without the prior

consent of the consumer given directly to the debt collector."

63.    The third-party vendor does not fall within any of the exceptions

provided for in 15 U.S.C. § 1692c(b).

64.    Plaintiff never consented to Defendant's communication with the

third-party vendor concerning the alleged Debt.

65.    Plaintiff never consented to Defendant's communication with the

third-party vendor concerning Plaintiff's personal and/or confidential information.

66.    Plaintiff never consented to Defendant's communication with anyone

concerning the alleged Debt or concerning Plaintiff's personal and/or confidential

information.

67.    Upon information and belief, Defendant has utilized a third-party

vendor for these purposes thousands of times.

68.    Defendant utilizes a third-party vendor in this regard for the sole

purpose of maximizing its profits.

69.    Defendant utilizes a third-party vendor without regard to the propriety

and privacy of the information which it discloses to such third-party.

70.    Defendant utilizes a third-party vendor with reckless disregard for the

harm to Plaintiff and other consumers that could result from Defendant's

unauthorized disclosure of such private and sensitive information.

71.    Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

72.    Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

73.    Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

74.    15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

75.    The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

76.    Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

77.    Defendant violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

78.    As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers.  15 U.S.C. § 1692(a)-(b).

79.    Specifically,   Congress   sought   to   protect   consumers   from
communications by debt collectors to third parties.  *See* S. Rep. No. 95-382, at 4
(1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

80.    As such, a violation of Section 1692c(b) has a close relationship to an
invasion of privacy.

81.    A violation of Section 1692c(b) is an invasion of privacy.

82.    As described herein, Defendant violated Section 1692c(b).

83.    As described herein, Defendant invaded Plaintiff's privacy.

84.    A  violation  of  Section  1692c(b)  also  has  a  close  relationship  to  a
public disclosure of private facts.

85.    A violation of Section 1692c(b) is a public disclosure of private facts.

86.    As described herein, Defendant violated Section 1692c(b).

87.    As  described  herein,  Defendant  publicly  disclosed  Plaintiff's  private
facts.

88.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b)
and 1692f and is liable to Plaintiff therefor.

### SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)

89.    Plaintiff  repeats  and  realleges  the  foregoing  paragraphs  as  if  fully
restated herein.

90.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

91.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

92.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

93.    An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

94.    An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

95.    As previously stated, Plaintiff did not owe the amount Defendant alleges is owed by Plaintiff.

96.    The contention that Plaintiff owed $475.85 to Defendant, when Plaintiff did not owe $475.85, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

97.  The contention that Plaintiff owed $475.85 to Defendant, when Plaintiff did not owe $475.85, is a false representation of the character, amount, or legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

98.  The contention that Plaintiff owed $475.85 to Defendant, when Plaintiff did not owe $475.85, is a false representation or deceptive means to collect or attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10)

99.  For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) and is liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f

100.  Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

101.  15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

102.  15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

103.  15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

104.  15 U.S.C. § 1692f provides,

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

105.  Pursuant to the Letters, the original creditor was Synchrony Bank.

106.  Synchrony Bank is incorporated in the State of Delaware.

107.  Delaware's statute of limitations for recovery of debt is 3 years. *See Delaware Code Ann. Title 10, § 8106(a).*

108.  Plaintiff's last payment towards the alleged Debt was on April 8, 2018.

109.  Under California law the alleged Debt was time barred from suit on or about May 8, 2021 based upon California's borrowing statute, Cal. Civ. Proc. Code § 361.

110.  Cal. Civ. Proc. Code § 361 states, *"When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued."*

111.   The May 11 Letter and August 17 Letter failed to contain any disclosure informing the Plaintiff that the legal statute of limitations for Defendant to sue Plaintiff has expired.

112.   Defendant's failure to provide Plaintiff with a notice that the alleged Debt was barred by the legal statute of limitations and the Defendant will not sue Plaintiff in an attempt to collect the alleged Debt was a false, deceptive, or misleading representation in connection with an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e.

113.   Defendant's failure to provide Plaintiff with a notice that the alleged Debt was barred by the legal statute of limitations and the Defendant will not sue Plaintiff in an attempt to collect the alleged Debt was a false representation of the character, amount, or legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

114.   Defendant's failure to provide Plaintiff with a notice that the alleged Debt was barred by the legal statute of limitations and the Defendant will not sue Plaintiff in an attempt to collect the alleged Debt was a false representation or deceptive means to collect or attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

115.   Defendant's failure to provide Plaintiff with a notice that the alleged Debt was barred by the legal statute of limitations and the Defendant will not sue

Plaintiff in an attempt to collect the alleged Debt was an unfair or unconscionable means to collect or attempt to collect the alleged Debt,  in violation of 15 U.S.C. § 1692f.

116.    Upon information and belief, Defendant has a pattern and practice of failing to provide unsuspecting consumers notice when the debt is beyond the legal statute of limitations, that such is the case and Defendant will not sue the consumer in an attempt to collect the debt, and Defendant's failure to provide a notice is being done solely for the sake of profits, in an effort to secure quick payments from unwitting consumers, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692(10), and 1692f.

117.    Defendant's intentional or negligent conduct of failing to provide Plaintiff with notice that the alleged Debt was time-barred and that Defendant will not sue Plaintiff in an attempt to collect the alleged Debt, caused Plaintiff confusion, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

118.    Defendant failed to provide Plaintiff notice that the alleged Debt was barred by the applicable legal statute of limitations and the fact that Defendant will not sue Plaintiff, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

119.   For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f and is liable to Plaintiff therefor.

## FOURTH COUNT
### Violation of Cal. Civ. Code § 1788.14(d)

120.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

121.   Cal. Civ. Code § 1788.14(d) prohibits debt collectors from sending written communications to debtors in an attempt to collect a time-barred debt without providing notice that the debt is barred by the legal statute of limitations and the debt collector will not sue the debtor in an attempt to collect the debt.

122.   Cal. Civ. Code § 1788.14(d)(1) requires the Defendant to inform Plaintiff, *"The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, [Defendant] may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting."*

123.   Pursuant to the Letters, the original creditor was Synchrony Bank.

124.   Synchrony Bank is incorporated in the State of Delaware.

125.   Delaware's statute of limitations for recovery of debt is 3 years. *See Delaware Code Ann. Title 10, § 8106(a).*

126.  Plaintiff's last payment towards the alleged Debt was on April 8, 2018.

127.  Under California law the alleged Debt was time barred from suit on or about May 8, 2021 based upon California's borrowing statute, Cal. Civ. Proc. Code § 361.

128.  Cal. Civ. Proc. Code § 361 states, *"When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued."*

129.  The May 11 Letter and August 17 Letter failed to contain any disclosure informing the Plaintiff that the legal statute of limitations for Defendant to sue Plaintiff has expired.

130.  Defendant's failure to provide Plaintiff with the foregoing notice is a violation of Cal. Civ. Code § 1788.14(d)(1).

131.  Upon information and belief, Defendant has a pattern and practice of failing to provide unsuspecting consumers with the foregoing notice when the debt is beyond the legal statute of limitations, solely for the sake of profits, in an effort

to secure quick payments from unwitting consumers, in violation of Cal. Civ. Code § 1788.14(d)(1).

132.  Defendant's intentional or negligent conduct of failing to provide Plaintiff with the foregoing notice, caused Plaintiff confusion, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time, in violation of Cal. Civ. Code § 1788.14(d)(1).

133.  Defendant failed to provide Plaintiff with the foregoing notice when the alleged Debt was barred by the applicable legal statute of limitations, in violation of Cal. Civ. Code § 1788.14(d)(1).

134.  For the foregoing reasons, Defendant violated Cal. Civ. Code § 1788.14(d)(1) and is liable to Plaintiff therefor.

## FIFTH COUNT
### Violation of Cal. Civ. Code § 1788.52(d)(2)

135.  Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

136.  Cal. Civ. Code § 1788.52(d)(2) prohibits debt buyers from sending written communications to debtors in an attempt to collect a time-barred debt without providing notice that the debt is barred by the legal statute limitations and the debt buyer will not sue the debtor in an attempt to collect the debt.

137.    Specifically, Cal. Civ. Code § 1788.52(d)(2) requires the Defendant to inform Plaintiff, *"The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, [Defendant] may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting."*

138.    Pursuant to the Letters, the original creditor was Synchrony Bank.

139.    Synchrony Bank is incorporated in the State of Delaware.

140.    Delaware's statute of limitations for recovery of debt is 3 years. *See Delaware Code Ann. Title 10, § 8106(a).*

141.    Plaintiff's last payment towards the alleged Debt was on April 8, 2018.

142.    Under California law the alleged Debt was time barred from suit on or about May 8, 2021 based upon California's borrowing statute, Cal. Civ. Proc. Code § 361.

143.    Cal. Civ. Proc. Code § 361 states, *"When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued."*

144.    The May 11 Letter and August 17 Letter failed to contain any disclosure informing the Plaintiff that the legal statute of limitations for Defendant to sue Plaintiff has expired.

145.    Defendant's failure to provide Plaintiff with the foregoing notice is a violation of Cal. Civ. Code § 1788.52(d)(2).

146.    Upon information and belief, Defendant has a pattern and practice of failing to provide unsuspecting consumers with the foregoing notice when the debt is beyond the legal statute of limitations, solely for the sake of profits, in an effort to secure quick payments from unwitting consumers, in violation of Cal. Civ. Code § 1788.52(d)(2).

147.    Defendant's intentional or negligent conduct of failing to provide Plaintiff with the foregoing notice, caused Plaintiff confusion, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time, in violation of Cal. Civ. Code § 1788.52(d)(2).

148.    Defendant failed to provide Plaintiff with the foregoing notice when the alleged Debt was barred by the applicable legal statute of limitations, in violation of Cal. Civ. Code § 1788.52(d)(2).

149.    For the foregoing reasons, Defendant violated Cal. Civ. Code § 1788.52(d)(2) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

150.   Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of California.

151.   Plaintiff seeks to certify two classes of:

    i.   All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

    ii.   All consumers where Defendant sent a letter in an attempt to collect a time-barred debt which did not include a notice informing the consumer that the debt was barred by the legal statute of limitations and Defendant will not sue the consumer, which letter was sent on or after a date one year prior to the filing of this action to the present.

152.   This class action seeks a finding that Defendant's conduct violates the FDCPA and CFDBPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.62, respectfully.

153.   The Class consists of more than thirty-five persons.

154.   Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on

behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

155.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

156.  Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## **JURY DEMAND**

157.  Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

    a.    Certifying this action as a class action; and

    b.    Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

    c.    Finding Defendant's actions violate the FDCPA, RFDCPA, and CFDBPA; and

    d.    Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

    e.    Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

    f.    Awarding damages to Plaintiff pursuant to Cal. Civ. Code § 1788.30(b); and

    g.    Awarding Plaintiff's attorneys' fees pursuant to Cal. Civ. Code § 1788.30(c); and

    h.    Awarding damages to Plaintiff and the Class pursuant to Cal. Civ. Code § 1788.62; and

    i.    Awarding Plaintiff's attorneys' fees pursuant to Cal. Civ. Code § 1788.62; and

    j.    Awarding the costs of this action to Plaintiff; and

    k.    Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    l.    Such other and further relief that the Court determines is just and proper.

DATED: November 12, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: *s/ Jitesh Dudani*
Jitesh Dudani, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: 21473
*Attorneys for Plaintiff*